# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
JOHNSON, KRAUSS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist MICHAEL T. McNAUGHTON**
**United States Army, Appellant**

ARMY 20090596

Headquarters, Fort Carson
Debra L. Boudreau, Military Judge
Colonel Michael W. Meier, Staff Judge Advocate

For Appellant:  Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA; Captain Michael E. Korte, JA (on brief).

For Appellee:  Major Christopher B. Burgess, JA; Captain Stephen E. Latino, JA; Captain Nathan S. Mammen, JA (on brief).

13 August 2012

--------------------------------------------------
SUMMARY DISPOSITION ON REMAND
--------------------------------------------------

Per Curiam:

A military judge, sitting as a general court-martial, convicted appellant, contrary to his pleas, of sodomy, aggravated incest, and adultery in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 925, 934 (2005) [hereinafter UCMJ].[*]  The military judge sentenced appellant to a bad-conduct discharge, confinement for four years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a bad-conduct discharge, confinement for four years, and reduction to the grade of E-1.  The convening authority deferred the automatic

_____

[*] After arraignment and prior to plea, the military judge dismissed one specification of violation of a lawful general regulation in violation of Article 92, UCMJ, 10 U.S.C. § 892.  After pleas, the military judge dismissed two specifications of wrongful sexual contact in violation of Article 134, UCMJ, 10 U.S.C. § 934.

forfeiture of all pay and allowances until action and then waived the automatic forfeiture of all pay and allowances for a period of six months from the date of action.

On 26 January 2011, we issued an opinion in this case, summarily affirming the findings of guilty and the sentence. On 21 September 2011, our superior court vacated our decision and returned the record of trial to The Judge Advocate General of the Army for remand to this court for consideration in light of *United States v. Fosler*, 70 M.J. 225 (C.A.A.F. 2011). On 19 December 2011, we issued an opinion in this case, affirming the findings of guilty and the sentence. *United States v. McNaughton*, ARMY 20090596, 2011 WL 6400543 (Army Ct. Crim. App. 19 Dec. 2011) (summ. disp.). On 10 July 2012, our superior court reversed our decision as to Specification 2 (renumbered) (alleging adultery) of Charge II (renumbered) and as to the sentence, and returned the record of trial to The Judge Advocate General of the Army for remand to this court for further consideration in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012). Consequently, appellant's case is again before this court for review under Article 66, UCMJ.

Much like the specification at issue in *Humphries*, it was plain and obvious error for the government to fail to allege the terminal elements of Article 134, UCMJ, in the adultery specification at issue in this case. *See Humphries*, 71 M.J. at 214. Nonetheless, while Specification 2 (renumbered) of Charge II (renumbered) was defective and this defect affected appellant's constitutional right to notice under the Fifth and Sixth Amendments, "it does not constitute structural error subject to automatic dismissal." *Id.* at 212. Instead, we must resolve "whether the defective specification resulted in material prejudice to [appellant's] substantial right to notice." *Id.* at 215. To resolve this issue, we must closely review the trial record. *Id.*

Close review of the trial record in this case reveals that appellant was on notice of the missing terminal elements. *Id.* at 215-16. The government called Special Agent (SA) MW during its case-in-chief. During SA MW's direct examination, SA MW confirmed that one of his "essential functions" was "to help maintain good order and discipline." Over defense objection, the military judge permitted SA MW to testify that he believed appellant's actions to be "prejudicial to good order and discipline." Special Agent MW also testified, over defense objection, that he considered himself a member of society and felt that appellant's acts brought discredit upon the armed forces. On cross-examination, SA MW admitted that "most crimes" soldiers commit would be prejudicial to good order and discipline and service-discrediting.

The government also called Captain (CPT) SL during its case-in-chief. Captain SL served as appellant's company commander and testified that "this

incident" was prejudicial to good order and discipline within his unit. The following exchange also occurred during CPT SL's testimony:

> Q: Is having a [s]oldier who commits adultery—does that cause problems with prejudice to good order and discipline of your unit?
>
> DC: Objection—leading.
>
> MJ: Objection sustained as to leading.
>
> Q: Captain [SL], I wanted to ask you, as a member of society, do you think that these—the things that—
>
> MJ: Okay. That's not—I allowed it before, but this is not how this element can be proven. So objection is overruled—I'm sorry; objection sustained. I noted the defense had made one earlier and was a continuing one.
>
> ATC: Your Honor, . . . one of the elements of the offense is whether these acts were prejudicial to good order and discipline or whether they were service discrediting.
>
> MJ: Right. . . . It's not a member of the uniformed forces who testifies about that. . . . It's a member of civilian society, that's the viewpoint.
>
> ATC: All right. Okay.

During appellant's case-in-chief, appellant's defense counsel called Ms. SM (appellant's wife), Ms. MM (appellant's step-daughter), Ms. MM (another step-daughter), and Ms. CK (a family therapist). Appellant's defense counsel asked all four witnesses if they viewed the Army in a "lesser light" because of appellant's acts with Ms. MM. All four witnesses testified that they did not view the Army in a "lesser light" because of appellant's actions. However, on cross-examination, Ms. CK admitted that if appellant's acts were known by other people in society, it would have a tendency to discredit the Army.

After appellant presented his case-in-chief, the government indicated that it planned to call Ms. SB (another family therapist) to elicit testimony on whether she thought appellant's acts were service-discrediting. The government wanted to ensure it "covered the basis for the adultery charge." Ultimately, the government chose not to call Ms. SB because the military judge stated that the government had "covered the bas[i]s" on the adultery specification.

3

McNAUGHTON—ARMY 20090596

During his findings argument, the trial counsel argued that the government proved the terminal elements and showed appellant committed adultery. On the other hand, appellant's defense counsel argued in her findings argument that the government had not satisfied the terminal elements. On rebuttal, the trial counsel focused his argument exclusively on the terminal elements.

Under the facts of this case, we are convinced that the record of trial demonstrated appellant had sufficient notice of the terminal elements and the theory of criminality pursued by the government. *See Humphries*, 71 M.J. at 216 (finding that "[n]either the specification nor the record provides notice of which terminal element or theory of criminality the Government pursued in this case"). Therefore, appellant did not suffer prejudice from the omission of the terminal elements in Specification 2 (renumbered) of Charge II (renumbered).

**CONCLUSION**

On consideration of the entire record and in light of *United States v. Humphries*, 71 M.J. 209 (C.A.A.F. 2012), we hold the findings of guilty and the sentence as approved by the convening authority correct in law and fact. Accordingly, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

4